IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEREK N. JARVIS,

    Plaintiff,

v.                               Civil No. PJM 13-3853

GRADY MANAGEMENT, INC., *et. al.*,

    Defendants.

## MEMORANDUM OPINION

Derek N. Jarvis, *pro se*, a frequent filer in this Court, has sued his apartment complex management company, Grady Management, Inc. ("Grady"), as well as Offit Kurman, P.A., the United States Department of Housing and Urban Development, the Housing Opportunities Commission of Montgomery County, the Montgomery County State's Attorney's Office, Montgomery County District Court Judges Patricia L. Mitchell and Gary G. Everngam, Montgomery County Executive Isiah Leggett, the State of Maryland, Governor Martin O'Malley, Attorney General Douglas F. Gansler, the Maryland Commission on Human Relations, and the Maryland Legal Aid Bureau.[1]

Although Jarvis's Complaint contains no numbered counts, its gravamen seems to be an allegation that Defendants committed retaliatory acts against him in violation of the Fair Housing Act, the Civil Rights Act, and the Maryland Code in connection with his mother's eviction from the subsidized apartment where she and Jarvis resided. Jarvis adds a variety of other statutory and constitutional claims, as well as common law claims for fraud and conspiracy. Defendants have all filed Motions to Dimiss (Paper Nos. 25, 27, 35, 41, 50, 57), while Jarvis has filed Cross-

---

[1] Jarvis purported to bring the suit on behalf of his mother, Shirley Pittman. *See* Complaint (Paper No. 1) at 2. But Shirley Pittman did not sign the Complaint. Jarvis may not represent her, and she is therefore not a party to this action. Fed. R. Civ. P. 11(a). In any event, Shirley Pittman's presence as a party would not otherwise change the Court's determinations in this Opinion.

Motions for Summary Judgment (Paper Nos. 31, 36, 44, 46, 55, 64). For the reasons stated below, the Defendants' Motions to Dismiss are **GRANTED**, Jarvis's Cross-Motions for Summary Judgment are **DENIED**, and the Complaint is **DISMISSED WITH PREJUDICE**.

## I.

Jarvis has lived with his mother, Shirley Pittman, at 11531 February Circle #302, Silver Spring, MD 20904 since about 2003. On August 11, 2011, he filed a complaint with the United States Department of Housing and Urban Development ("HUD"), alleging that Grady was ignoring complaints about his "White Hispanic" neighbors because Grady, as a result of racial animus, was conspiring with Jarvis's neighbors to harass him into moving out. Compl. Ex. A. HUD referred the matter to the Maryland Commission on Human Relations (later renamed the Maryland Commission on Civil Rights "MCCR"), which conducted an investigation and determined that Jarvis's complaint had no merit. Compl. Ex. F at 5. Indeed, the MCCR found that Grady had attempted to address Jarvis's complaints, sending several warning letters to his neighbors regarding their behavior. *Id.* at 4. Further, the MCCR was "unable to support [Jarvis's] contention that he is a victim in this matter." *Id.* at 5.

On October 6, 2011, Jarvis got into a physical altercation with one of his neighbors, Luis Munoz. *Id.* On October 28, 2011, Pittman received a notice of eviction from Grady, which stated she was receiving such notice because of Jarvis's alleged illegal activity, "including, but not limited to, a physical assault on Luis Munoz." Compl. Ex. B. Thereafter, in December 2011, Grady instituted eviction proceedings against both Pittman and Munoz. Compl. Ex. E, H. After Jarvis and Pittman vacated the apartment, Pittman no longer qualified for a rent subsidy she had previously received from the Housing Opportunities Commission of Montgomery County. Compl. Ex. G at 2.

From these facts, Jarvis alleges violations of

> The Fair Housing Act Title VIII, Conspiracy to Deprive Rights, Criminal Conspiracy, Violations of Civil Rights, Reckless Negligence & Mismanagement, Violations of Equal Rights Under the Law, Denials and Violations of Civil Rights, Willful Discrimination, Government Sanctioned Fraud 42 U.S.C. 1983, 1982, 1981, and 1985, Harassment & Retaliatory Act(s), Failure to Prevent Act(s), Breach of Contract, Violations of Equal Protection Under the Law.

Complaint at 1.

## II.

To survive a motion to dismiss, a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). Although a court will accept factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id.*

Jarvis has not pled a plausible claim for relief. Although federal courts must liberally construe a *pro se* litigant's claims, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012). The court may not "construct a claim out of whole cloth if the plaintiff fails to supply the necessary facts or a cognizable theory in support of a claim." *Derek N. Jarvis v. Staples, Inc.*, No. 10-244-PJM, 2010 WL 4942010, at *2 (D. Md. Nov. 30, 2010); *see also Derek N. Jarvis v. Geico Ins. Co.*, No. 09-2638-RWT, 2009 WL 3833964, at *1 (D. Md. Nov. 13, 2009) ("Liberal construction [of a *pro se* complaint] . . . does not mean that a court can ignore a clear failure to allege facts which set forth a claim cognizable in federal district court.").

Amongst his many conclusory allegations, Jarvis alleges that all the Defendants "waged a campaign of war against Plaintiffs that involved: retaliation, harassment, intimidation, criminal

conspiracy, and civil rights and housing violations." Compl. at 3. Under this alleged conspiracy, Defendants collectively removed and revoked Jarvis's and Pittman's subsidy by evicting them from their apartment. *Id.* at 2. Many of the Defendants, however, are named only in the caption of the Complaint. Others are only referenced incidentally within the body of the Complaint. Jarvis has failed to plead facts supporting these allegations.

Jarvis's retaliation claims against Grady fare little better. The Fair Housing Act makes it "unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise or enjoyment of, or on account of his having exercised or enjoyed, or on account of his having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title." 42 U.S.C. § 3617. "In order to prove a claim of retaliation under the FHA, a plaintiff must establish that: (1) the plaintiff was engaged in a protected activity; (2) the defendant was aware of that activity; (3) the defendant took adverse action against the plaintiff; and (4) a causal connection exists between the protected activity and the adverse action." *Hall v. Greystar Mgmt. Serv., L.P.*, -- F. Supp. 2d --, 2014 WL 2993707, at *4 (D. Md. July 2, 2014).

Jarvis alleges that Grady was "involved in retaliatory acts against [him] for a number of years." Compl. at 5. This years-long effort, at times purportedly in concert with Jarvis's neighbors, culminated in his notice of eviction—allegedly in retaliation for Jarvis's having filed a HUD Complaint. Compl. at 8. But Jarvis's Complaint belies these allegations. Grady brought eviction proceedings against Jarvis and his mother because he got into a fight with one of his neighbors, Luis Munoz. Compl. Ex. B. A fight that Jarvis himself admits. Compl. Ex. F at 5. And Grady did not single out Jarvis for eviction, but also evicted Luis Munoz. *See* Compl. Ex. H. His attempts to try and frame Grady's actions as a part of an ongoing conspiracy against him

are simply not plausible. Jarvis alleged similar claims in a case dismissed from this Court in 2010. *See Derek N. Jarvis, et. al. v. Grady Mgmt., Inc.*, et. al., No. 09-280, 2010 WL 3938338 (D. Md. Oct. 6, 2010). He tried again in August 2011, in his HUD complaint, but the MCCR also found his claims lacking. Compl. Ex. F at 5. Jarvis's claims failed then and they fail again now.

Finally, Jarvis alleges that Maryland Legal Aid committed fraud by failing to provide an attorney for him in the eviction proceedings, after purportedly saying it would. Compl. at 6. This bald assertion is not supported by any other allegations, and does not satisfy the heightened pleading requirements for fraud under Rule 9(b). This allegation likewise fails.

### III.

Apart from Jarvis's pleading failures in this case, several judges in this Court have noted his propensity for filing frivolous lawsuits. *E.g., Derek N. Jarvis v. Securitas Sec. Svcs. USA, Inc.*, No. 11-654-AW, 2012 WL 527597, at *8 n.2 (D. Md. Feb. 16, 2012); *Jarvis v. Staples*, 2010 WL 4942010, at *2; *Derek N. Jarvis v. Enterprise Fleet Svcs. and Leasing Co.*, No. 07-3385-DKC, 2010 WL 1068146, at *2 n.2. (D. Md. Mar. 17, 2010). The Court notes, however, that Jarvis continues to file unabated. Since filing this lawsuit, Jarvis has filed two others. *Derek N. Jarvis v. Equal Employment Opportunity Commission*, No. 14-3290-PWG (D. Md. 2014); *Derek N. Jarvis v. Burnt Mills Crossing, LLC*, et. al., No. 14-3477-TDC (D. Md. 2014). In *Burnt Mills Crossing*, Jarvis brings claims against HUD and a different apartment complex, again alleging retaliation in violation of the Fair Housing Act along with similar allegations of fraud and conspiracy. *See* Complaint, *Burnt Mills Crossing, LLC*, No. 14-3477-TDC (D. Md. Nov. 5, 2014) (Paper No. 1).

In *Enterprise Fleet*, then-Chief Judge Chasanow warned Jarvis about his "current pattern of filing frivolous lawsuits in this court, and vexatious filings in those suits," suggesting that continuing the practice "may well result in action from the collective bench, including requiring him to seek leave of this court prior to commencing any future lawsuit here." This member of the bench reinforced that warning in *Jarvis v. Staples*, 2010 WL 4942010, at *2, and does so again here.

**The Court's Opinion in this case will be circulated among the members of this bench to determine what restrictions, if any, should be placed upon further filings by Jarvis.**

The Defendants' Motions to Dismiss (Paper Nos. 25, 27, 35, 41, 50, 57) are **GRANTED**. Plaintiff's Cross-Motions for Summary Judgment (Paper Nos. 31, 36, 44, 46, 55, 64) are **DENIED**. The Complaint is **DISMISSED WITH PREJUDICE**.

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE**
UNITED STATES DISTRICT JUDGE

**January 21, 2015**